UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

| | |
|---|---|
| In re: | Case No. 21-30197(AMN) |
|     SYLVIA NGOZI EMIABATA | Chapter 13 |
|               *Debtor.* | |
| ROBERTA NAPOLITANO | |
|         *Chapter 13 Trustee* | |
| | RE: ECF No. 95 |

## MEMORANDUM OF DECISION AND ORDER DISMISSING CHAPTER 13 CASE

For the reasons that follow, this Chapter 13 case will be dismissed because it was filed in the wrong place and in bad faith.

This case centers on a dispute about a defaulted 2002 mortgage against residential property located in Texas. The creditor claims the debt now totals more than $730,000, with most of the amount representing accrued interest. ECF No. 63. The debtor claims the property is worth approximately $396,000. ECF Nos. 1, 63. The creditor claims the borrower is "contractually due for July 1, 2006." ECF No. 63, p.4. The property is located at 508 Evening Grosbeak Drive, Pflugerville, Texas (the "Property").

Although the case has been pending more than a year, the debtor failed to complete a completed meeting of creditors pursuant to Bankruptcy Code §341(a) and failed to propose a confirmable Chapter 13 Plan. The procedural posture is non-sensical due to incomplete and misleading information from both the debtor Sylvia Ngozi Emiabata ("debtor") and her primary creditor NewRez LLC d/b/a Shellpoint Mortgage Servicing as servicer for MTGLQ Investors, L.P. ("creditor").

1

The court raised its venue concern by issuing an Order directing the debtor to show cause why the case should not be transferred or dismissed. ECF No. 95. Section 1408, Title 28, United States Code permits a Chapter 13 case to be commenced in a district that is the domicile, residence, principal place of business, or location of the principal assets of a person that is the subject of a case for the longer portion of the one and eighty (180) days immediately preceding such commencement. 28 U.S.C. § 1408. Here, the relevant time period is the 180-day period preceding the petition date of February 24, 2021, *i.e.*, the period from August 28, 2020 through February 23, 2021 (the "Venue Period").[1]

The debtor asserted in her petition that at times relevant to venue she resided in Connecticut. But the court has reason to doubt the veracity of her statement and it is unsupported by the record. In her petition, the debtor stated her mailing address was the Property in Pflugerville, Texas and that she lived at 857 Post Road, Fairfield, Connecticut. ECF No. 1, p. 2. But the Fairfield address is for a UPS Store, not a residence. About a month after the petition date, the debtor filed a change of address notice stating her mailing address would be 857 Post Road, #139, Fairfield, Connecticut (the UPS Store) and stating a second address of 570 May Street, Naugatuck, Connecticut.[2] After notice and an opportunity to be heard, the debtor offered the following evidence to support her claim that venue was proper in Connecticut:

---

[1] The court is aware of the debtor's litigation history in Connecticut, including an order entered by United States District Judge Dooley on July 16, 2020 (immediately preceding the Venue Period in this case) dismissing the case concluding it was brought in bad faith and for an improper purpose. *See*, ECF No. 62 in *Philip Emiabata and Sylvia Emiabata v. Bank of New York Mellon Trust Company, N.A., et. al.*, Case No. 3:19-cv-01507(KAD).

[2] The debtor consented to electronic service of notice and orders in this case. ECF Nos. 33, 34.

- An unsworn statement that she was a member of "The Howard Whittemore Memorial Library" at 243 Church Street, Naugatuck, Connecticut;

- an affidavit from her husband, Philip Emiabata, including an undated printout from the Federal Motor Carrier Safety Administration showing that Nova Express – a business both the debtor and her husband claim to own – has a physical address of 570 Mat (sic) Street, Naugatuck, Connecticut; and

- a Verizon Wireless bill, with a billing period of August 20, 2021, to September 19, 2021 (a post-petition date time period) and containing a mailing address of 570 May Street, Naugatuck, Connecticut.

None of this information supports the debtor's position. During at least two hearings the debtor claimed she would file a copy of a lease or other evidence of a rental arrangement for the property located at 570 May Street, Naugatuck, Connecticut during the relevant Venue Period. Despite the opportunity to do so, the debtor failed to supplement the record and as a result it is insufficient to establish Connecticut as the debtor's domicile, residence, principal place of business, or location of principal assets during the Venue Period. Fed.R.Bankr.P. 1014(a)(2) provides the court with the authority to dismiss this case.

In addition to the venue issue, there is cause to *sua sponte* dismiss this case as a misuse – and abuse – of the bankruptcy system. The debtor's filing of this Chapter 13 case appears to be part of a years-long quest by the debtor and Philip Emiabata to invoke the bankruptcy automatic stay and to prevent the foreclosure of the Property. Review of the federal court records via the Public Access to Court Electronic Records (PACER) reveals the debtor and/or Philip Emiabata have filed approximately thirteen (13) bankruptcy cases in seven (7) Districts -- all of which were dismissed -- as summarized in the following table.

| DEBTOR NAME | CASE INFO[3] | DATES PENDING | DISTRICT |
|---|---|---|---|
| Philip Emiabata; Sylvia Emiabata | Chapter 13 Case No. 04-10113 | Filed: 1/5/2004 Dismissed: 7/7/2004 | W.D. Texas |
| Philip Emiabata; Sylvia Emiabata | Chapter 13 Case No. 04-14490 | Filed: 9/2/2004 Dismissed: 2/14/2005 | W.D. Texas |
| Philip Emiabata; Sylvia Emiabata | Chapter 13, Case No. 05-12492 | Filed: 5/2/2005 Dismissed: 9/17/2007 | W.D. Texas |
| Philip Emiabata; Sylvia Emiabata | Chapter 13, Case No. 08-12211 | Filed: 11/4/2008 *Transferred*: 1/8/2009 | W.D. Texas |
| Philip Emiabata; Sylvia Emiabata | Chapter 13, Case No. 08-38275 | Transferred: 1/8/2009 Dismissed: 8/5/2009 | S.D. Texas |
| Philip Emiabata | Chapter 13, Case No. 09-37104 | Filed: 9/28/2009 Dismissed: 10/26/2009 | S.D. Texas |
| Philip Emiabata; Sylvia Emiabata | Chapter 13 Case No. 13-10609 | Filed: 2/1/2013 *Transferred*: 6/18/2014 | Mass. |
| Philip Emiabata; Sylvia Emiabata | Chapter 13 Case No. 14-10949 | Transferred: 6/18/2014 Dismissed: 7/8/2014 | W.D. Texas |
| Philip Emiabata; Sylvia Emiabata | Chapter 13 Case No. 15-12120 | Filed: 5/28/2015 Dismissed: 6/18/2015 | Mass. |
| Philip Emiabata | Chapter 13, Case No. 15-48954 | Filed: 11/30/2015 Dismissed: 4/7/2016 | E.D. Missouri |
| Philip Emiabata | Chapter 13, Case No. 16-21626 | Filed: 7/5/2016 Dismissed: 7/28/2016 | N.D. Illinois |
| Philip Emiabata | Chapter 13 Case No. 17-13905 | Filed: 9/1/2017 Dismissed: 12/7/2017 | W.D. Washington |
| Sylvia Emiabata | Chapter 13 Case No. 18-50001 | Filed: 1/2/2018 Dismissed: 5/18/2018 | Conn. |
| Philip Emiabata; Sylvia Emiabata | Chapter 13 Case No. 19-50288 | Filed: 3/1/2019 Dismissed as to Philip Emiabata: 3/6/2019 Dismissed as to Sylvia Emiabata: 8/28/2019 | Conn. |
| Philip Emiabata; Sylvia Emiabata | Chapter 13 Case No. 19-31645 | Filed: 10/1/2019 Dismissed: 10/10/2019 | Conn. |

A recent decision in *In re G.L.A.D. Enterprises, LLC*, 19-50604, 2019 WL 5586962, at *4 (Bankr. D. Conn. Oct. 28, 2019)(Manning, J.) succinctly summarized the court's inherent power to *sua sponte* dismiss a bankruptcy case for abuse of process.

---

[3]   Notably, ten (10) of these cases were filed after the "contractually due" date of July 1, 2006. Four (4) cases including this one were filed in Connecticut in the past four (4) years. This list does not include the numerous appeals or District Court civil cases initiated by Sylvia and Philip Emiabata

    [A] court is within its right to conduct a bad faith inquiry on its own. *See, In re Blumenberg*, 263 B.R. 704, 711-12 (Bankr. E.D.N.Y. 2001) (*citing Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-44, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) for the proposition that courts have "an array of inherent judicial powers necessary ... manage their own affairs," and *quoting In re Khan*, 172 B.R. 613, 622 (Bankr. D.Minn. 1994) to support the point that *Chambers* enables courts to "inquire into a debtor's motivation for filing as part of its inherent power 'to regulate its own docket to ensure that its process is not being abused.'"). While dismissal for cause is often initiated by motion, "many courts have held that a court may *sua sponte* dismiss a case to 'prevent an abuse' of process." *Clear Blue Water, LLC v. Oyster Bay Mgmt. Co., LLC*, 476 B.R. 60, 68 (E.D.N.Y. 2012) (affirming dismissal of Chapter 11 case). In fact, section 105(a) of the Bankruptcy Code provides that "[n]o provision of this title shall be construed to preclude the court from, *sua sponte*, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process."
*In re G.L.A.D. Enterprises, LLC*, 19-50604, 2019 WL 5586962, at *4 (Bankr. D. Conn. Oct. 28, 2019) *order aff'd, appeal dismissed*, 3:19CV1798 (MPS), 2020 WL 2813071 (D. Conn. May 29, 2020).[4]

A bankruptcy court may recognize "the interest of the bankruptcy system, and thus the public interest, in preventing parties from exploiting the bankruptcy system for non-bankruptcy-related reasons, especially when adequate remedies exist in state courts." *In re Murray*, 900 F.3d 53, 63 (2d Cir. 2018); *see also, In re Cameron*, No. 3:18cv1165(JCH), 2019 WL 1383069, at *7 (D. Conn. Mar. 27, 2019) (factors indicative of a bad faith filing include: "(1) the debtor's filing demonstrates an intent to delay or otherwise frustrate the legitimate efforts of secured creditors to pursue their rights, (2) the debtor has filed multiple bankruptcy petitions, and (3) the debtor filed his bankruptcy petition on the eve

---

[4]    Section 1307(c) provides that the court may dismiss or convert a chapter 13 case "for cause" upon request of a "party in interest." Section 1307(c) also requires "notice and a hearing." Notwithstanding the request, notice, and hearing requirements in § 1307(c), courts have held that § 105(a) empowers the court to dismiss a case *sua sponte* if the debtor is ineligible for relief. *In re Wimmer*, 512 B.R. 498, 512 (Bankr. S.D.N.Y. 2014)(citing cases)("*Sua sponte* dismissal may be appropriate to "preserve the use of ... resources to cases involving debtors eligible to file under [chapter 13]. The requirements of § 1307(c) are not contravened by *sua sponte* dismissal pursuant to §§ 105(a) and 109(e), and the principals laid out in *Law v. Siegal* are not infringed.").

of a foreclosure."); *In re Blumenberg*, 263 B.R. 704, 715 (Bankr. E.D.N.Y. 2001)("A major factor in the decisions running through much of the case law justifying dismissals on the basis of bad faith is the fact that the debtor in each case filed a bankruptcy petition either to escape the consequences of a previous judgment or to avoid impending proceedings."); *In re G.L.A.D. Enterprises, LLC*, 3:19CV1798 (MPS), 2020 WL 2813071, at *5 (D. Conn. May 29, 2020)("debtor/appellant has made no showing that the Bankruptcy judge's conclusion that the debtor/appellant abused the bankruptcy process and filed the bankruptcy in bad faith was in any way incorrect").

Here, aside from venue concerns, the debtor is unable or unwilling to provide the court with a candid and accurate recital of the basic procedural history of the fight over the Property or to meet her obligations as a Chapter 13 debtor. The numerous deficiencies supporting a conclusion this case is an abuse of the bankruptcy process and should not proceed include the following:

- The debtor's refusal to take the reasonable step of proposing a comprehendible Chapter 13 Plan paying enough to cure the mortgage arrearage to the creditor. Instead, the debtor filed several Chapter 13 Plans that do not acknowledge any obligation to the creditor. Her most recent Amended Chapter 13 Plan filed on July 15, 2022, as ECF No. 195, is unconfirmable on its face, contains incomprehensible amounts for debts and valuations, and overall erroneous information.

- The debtor failed to complete a meeting of creditors required by 11 U.S.C. § 341 and refused to provide the Chapter 13 Trustee with necessary documents, including federal tax returns for the two years prior to the filing, bank statements for the date of filing, evidence of the debtor's social security number, and any confirmation of the debtor's self-employment. *See*, ECF Nos. 37, 44, 55, 151.

- The debtor stated in multiple hearings she has no regular income, thus rendering her ineligible for relief under Chapter 13. 11 U.S.C. § 109(e).

- The debtor's documents are replete with inaccuracies:

- Petition, ECF No. 1, p. 3 (failure to disclose prior bankruptcy filings);
- Petition, ECF No. 1, p. 2-3 (misinformation about debtor 2, when there is no joint debtor);
- Schedule E/F, ECF No. 38, p. 18 (listing secured creditors as unsecured);
- Schedules I, J, ECF No. 38, p. 26-29 (listing income from a USPS contract but then later stating no contract exists);
- Statement of Financial Affairs, ECF No. 38, p. 41 (failure to list and identify all litigation to which the debtor was a party within the last year);
- Chapter 13 Plans, ECF Nos. 48, 75, 133, 195 (failing to conform the Chapter 13 Plans to filed proofs of claim for both secured and unsecured debts; failing to show feasibility, failing to include an order of payments in section 2.6, providing a treatment of secured creditors that violates 11 U.S.C. § 1326(a)(5)).

While not relevant to the decision to dismiss the case, it bears noting that the creditor, too, appears unable or unwilling to be candid with this tribunal. The creditor's motion for relief from stay failed to include accurate representations as to title information or the lengthy litigation history for Texas Property. ECF No. 63. The court needlessly wasted time seeking the status of litigation regarding the foreclosure of the Property and the title to the Property. Neither the debtor nor the creditor candidly provided the court with basic information. The muddled record is reflected in the following information:

- For eleven (11) months the creditor refused to acknowledge that it had recorded a Substitute Trustee's Deed after a foreclosure sale of the Property (in October 2019) and had pursued litigation to evict the debtor from the Property based on that event. This is inconsistent with the creditor's representations to this court that its motion for relief from stay (ECF No. 63) was well founded because it did not believe the 2019 foreclosure had been completed due to an intervening bankruptcy stay arising from an October 1, 2019 bankruptcy petition filed in this court. The motion for relief from stay assumes the mortgage has not been foreclosed while the creditor's eviction litigation in Texas assumes the mortgage foreclosure was completed.

- Another bankruptcy court issued an order under 11 U.S.C. § 362(d)(4) ("*In rem* Order") regarding the Property in November 2017 that was recorded on the land records in Texas. Because the In rem Order was recorded in

7

        Texas, the October 2019 bankruptcy case in this court did not result in the automatic stay arising regarding the Property. This information was not disclosed by the creditor (whose predecessor had obtained the In rem Order in the other court) but instead was belatedly relayed to the court in June 2022 by another party.

- The lawyers for the trustee who recorded a Trustee's Substitute Deed in Texas in October 2019 – presumably responding to this court's concerns about the possible 2019 stay violation involving the recording – transferred title for the Property back to Philip Emiabata in February 2022. This was not disclosed to the court until months later.

This overall confusion was compounded because the debtor filed an adversary proceeding against multiple entities allegedly involved in the Property and its litigation history (but failed to serve most of them). *See*, Case No. 21-03010. Most of the claims asserted in the pending adversary proceeding are non-sensical and frivolous, or, are barred by prior litigation between the parties.

      The record makes clear the case was filed in the wrong place and in bad faith. There was no legitimate attempt to comply with the Bankruptcy Code or its purposes. The debtor did not come to this court to propose a reasonable plan to reorganize her financial affairs. Rather, this was merely the latest attempt to prolong the foreclosure against the Texas Property. There is no venue for this case in Connecticut and there is no bankruptcy purpose served by allowing it to continue in this District or in another. Rehabilitation of a Chapter 13 case with the deficiencies described here approximately 17 months after the petition date (*i.e.,* no creditors meeting completed, missing documentation due to the trustee, no viable Chapter 13 Plan on the horizon and the apparent lack of regular income required to confirm and complete a Chapter 13 Plan) would be extremely unlikely in most cases and would be futile here. For these reasons,

the case will be dismissed rather than transferred to the District where the Property is located.

Future Chapter 13 cases filed in this District by the debtor or by her husband, Philip Emiabata, will be met with an Order to Show Cause why any such case should not be dismissed with a twenty-four (24) month bar to refiling a bankruptcy case in this District or in any other District.

ACCORDINGLY, it is hereby

ORDERED: This Chapter 13 case will be dismissed because the debtor failed to show cause why venue in this District is appropriate; and it is further

ORDERED: This Chapter 13 case will be dismissed because after being provided with sufficient time to do so, the debtor failed to propose a Chapter 13 Plan with a reasonable probability of being confirmed within a reasonable period of time, failed to complete a meeting of creditors and failed to provide required information to the Chapter 13 Trustee; and it is further

ORDERED: This Chapter 13 case is dismissed because the filing of this petition was an abuse of the bankruptcy process and in bad faith; and it is further

ORDERED: A separate dismissal order will enter.

Dated this 22nd day of July, 2022, at New Haven, Connecticut.



*Ann M. Nevins*
Chief United States Bankruptcy Judge
District of Connecticut